HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABDIKADIR SHIRE,

    Plaintiff,

v.

IMMIGRATION CUSTOM
ENFORCEMENT, et al.,

    Defendants.

Case No. C18-333-RAJ

ORDER

This matter comes before the Court *sua sponte*. For the reasons that follow, the Court **DISMISSES** *pro se* Plaintiff Adbikadir Shire's complaint with leave to amend. Dkt. # 3. The Court **DENIES** Plaintiff's Motion to Appoint Counsel as moot. Dkt. # 11.

On March 5, 2018, Plaintiff filed this action against Defendant Immigration Custom Enforcement. Dkt. # 1. The next day, Plaintiff filed a Motion for Temporary Restraining Order. Dkt. # 2. On March 8, 2018, the Court denied Plaintiff's Motion for Temporary Restraining Order because Plaintiff did not establish a likelihood of success on the merits, irreparable harm in the absence of a TRO, that the balance of equities tips in his favor, or that an injunction is in the public interest. Dkt. # 3. Plaintiff also submitted an application to proceed *in forma pauperis*. Dkt. # 5. The Honorable Brian A. Tsuchida granted the application. Dkt. # 2. On March 22, 2018, the Court granted Plaintiff leave to amend his complaint to add Defendants, Washington State Department

ORDER – 1

of Social and Health Services, Harborview Medical Center, and SIS Security Industry. Dkt. # 15. Plaintiff's various filings also refer to the Federal Bureau of Investigation and Seattle Fire Station 31 as Defendants. Dkt. ## 1, 2, 15.

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C. § 1915. The Court is required to dismiss an *in forma pauperis* plaintiff's case if the Court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."). A complaint is frivolous if it lacks a basis in law or fact. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim if it does not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. 14-378-RSM, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Where a plaintiff proceeds *pro se*, the court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

Plaintiff alleges that on January 19, 2017, the Defendants shot him with a bullet that contained a transmitter G.P.S. outside of a 7-11. Dkt. ## 1, 2, 14. Defendants then

ORDER – 2

brought Plaintiff to the hospital and "manually put a neural monitoring device inside [him]." *Id*. Plaintiff claims that he was assaulted, that this assault caused him severe emotional distress, and that this was a violation of his civil rights. Plaintiff requests damages in the amount of $100 million. *Id*. Plaintiff provides no other information or details to support his claim.

Even construing all allegations in the light most favorable to the Plaintiff and giving due deference to Plaintiff's *pro se* status, the Amended Complaint fails to state a claim showing he is entitled to relief. The Amended Complaint does not state which Defendant is responsible for which action or how these actions violated his civil rights. Plaintiff fails to provide any details regarding the alleged shooting or his medical condition and fails to provide any support for his request for damages. Assuming that Plaintiff is alleging claims under 42 U.S.C. § 1983 against several Defendants, the Amended Complaint does not contain any allegations to support such claims.

For the reasons stated above, the Court **DISMISSES** Plaintiff's Complaint (Dkt. # 14) and **DENIES** Plaintiff's Motion to Appoint Counsel as moot (Dkt. # 11). **Within fourteen (14) days from the date of this Order**, Plaintiff may file an amended complaint addressing the deficiencies addressed above. If Plaintiff does not file an amended complaint within that timeframe, or if Plaintiff files an amended complaint that does not state a cognizable claim for relief or is otherwise untenable under § 1915(e), the Court will dismiss the action.

DATED this 6th day of April, 2018.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 3